IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN, | No. 2:23-CV-1835-DMC-P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's motion for an extension of time.  See ECF No. 1.

Petitioner initiated this action by way of the pending motion for an extension of time to file a petition.  No petition for a writ of habeas corpus has been filed.  Petitioner states in his motion for an extension of time that he is concerned about expiration of the one-year statute of limitations and seeks an order extending the time to file a habeas petition.  In effect, Petitioner seeks an advisory opinion regarding whether his federal petition will be time-barred if a petition is filed at some unspecified date in the future, which may or may not be within the limitations period, and if the statute of limitations is asserted as an affirmative defense.

/ / /

1

The Court cannot grant the requested relief.  In the context of a habeas action, "a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." Woodford v. Garceau, 538 U.S. 202, 208 (2003).  Until such time as an application for habeas relief has been filed, there is no case or controversy such as would confer jurisdiction on the federal court under Article II, section2, of the United States Constitution.  See Calderon v. Ashmus, 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoner sought declaratory relief to determine time limits that would govern future habeas action).

Petitioner will be required to file a petition to initiate this action and is cautioned that failure to do so will result in dismissal of this case.  See Local Rule 110.

Petitioner also has not filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Petitioner will be required to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee.  As to the certification requirement, while a copy of Petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for an extension of time, ECF No. 1, is DENIED.

2. Petitioner shall file a petition for a writ of habeas corpus on the form provided within 30 days of the date of this order.

3. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee; and

4. The Clerk of the Court is directed to send Petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner as well as the Court's form habeas application by a state prisoner.

Dated: January 24, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE